# NETH v. OHMER.

PATENTS; INTERFERENCE; DATES; PRELIMINARY STATEMENTS; LEAVE TO AMEND.

1. In an interference case, proof by one of the parties of conception at an earlier date than that alleged in his preliminary statement will not be considered. (Following *Colhoun* v. *Hodgson*, 5 App. D. C. 21, 22; *Cross* v. *Phillips*, 14 App. D. C. 228, 231.)

2. Whether leave shall be given to amend a preliminary statement is a matter that rests in the discretion of the Commissioner of Patents, and is not reviewable in this court, save, possibly, in a case of palpable abuse of that discretion. (Following *Cross* v. *Phillips*, 14 App. D. C. 228, 237; Richards v. Meissner, 24 App. D. C. 305, 310.)

No. 346.   Patent Appeals.   Submitted March 16, 1906.   Decided April 3, 1906.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference case.                    *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. D. P. Wolhupter* and *Mr. R. J. McCarthy* for the appellant.

*Mr. H. A. Toulmin* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

The appellants, George J. Neth and Clarence Tamplin, appeal from a decision of the Commissioner of Patents awarding priority to the appellee of the invention of an improvement in fare registers, described in an issue under four counts.

The application of Wilfred I. Ohmer was filed February 9, 1903, and that of Neth and Tamplin on November 7, 1904. In their preliminary statement, Neth and Tamplin alleged conception in November, 1903, and reduction to practice in March, 1904. As the dates alleged were both subsequent to Ohmer's filing date, the latter moved for judgment without proceeding to

take testimony.  Thereupon Neth and Tamplin prayed for leave to amend their statement so as to allege a date of conception prior to their opponent's filing date.  The Examiner of Inter-ferences denied leave to amend, and his decision was affirmed by the Commissioner.  Thereafter, priority was awarded to Ohmer upon the case stated, and that decision was affirmed in succession by the Examiners-in-Chief and the Commissoner.

Under the case as presented by the preliminary statement, which may be called the pleading of the party, there was nothing to do but render a decision in favor of the senior party whose application for the patent was a constructive reduction to practice of the invention, several months earlier than the alleged conception of the same by his opponents.  No evidence of conception prior to the date alleged could have been considered. *Colhoun* v. *Hodgson,* 5 App. D. C. 21, 22; *Cross* v. *Phillips,* 14 App. D. C. 228, 231.

Whether leave shall be given to amend a preliminary statement is a matter that rests in the discretion of the Commissioner, and is not reviewable, save, possibly, in a case of palpable abuse of that discretion.  *Cross* v. *Phillips,* 14 App. D. C. 228, 237; *Richards* v. *Meissner,* 24 App. D. C. 305, 310.  Clearly no such case is here presented.

The decision of the Commissioner will be affirmed.  It is so ordered; and that this decision be certified to the Commissioner of Patents as required by law.                    *Affirmed.*